UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RACHELLE N. VILLARSON,<br>    Plaintiff<br><br>  v.<br><br>MARK R. DANNA<br>    Defendant<br><br>&<br><br>THE LAW OFFICES OF MRD, PLLC,<br>    Defendant<br><br>&<br><br>DANNA & DANNA,<br>    Defendant | Civil Action No.<br><br><br><br><br><br><br><br><br>**CIVIL COMPLAINT AND**<br>**DEMAND FOR A JURY TRIAL** |

## NATURE OF ACTION

1. This an action brought under the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 et. seq and Massachusetts General Laws Chapter 93A.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692(k), 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to the Plaintiff's action occurred in this District, where the Plaintiff resides in this District, and the Defendants have attempted to collect an alleged debt in this District.

**PARTIES**

4. Plaintiff, RACHELLE N. VILLARSON (hereinafter "the Plaintiff"), is a natural person who at all relevant times resided in the Commonwealth of Massachusetts, County of Suffolk, and the City of Boston.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. At all relevant times, Defendant, MARK R. DANNA is a collection attorney, admitted to practice law in the State of New York.  Defendant Danna is the owner/operator of the law firms THE LAW OFFICES OF MRD, PLLC and DANNA & DANNA.

7. Defendant, THE LAW OFFICES OF MRD, PLLC, is a limited liability corporation, who at all relevant times, was engaged, by the use of the mails and telephone, in the business of attempting to collect a "debt" from the Plaintiff, as defined by 15 U.S.C. §1692a(5).

8. Defendant, DANNA & DANNA, is a law firm located in Lockport, New York, and owned and operated by the Defendant, MARK R. DANNA.  At all relevant times to this civil action, Defendant Danna held himself out to the public (and the State of New York) as being an attorney working at Danna & Danna.

9. Defendants, MARK R. DANNA, THE LAW OFFICES OF MRD, PLLC, and DANNA & DANNA, during all times relevant, were engaged in the business of collecting or attempting to collect, directly or indirectly, consumer debt owed or due or asserted to be owed or due another as one of its principal business.

10. As such, the Defendants, MARK R. DANNA, THE LAW OFFICES OF MRD, PLLC, and DANNA & DANNA, are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6).

**COUNT ONE—VIOLATION OF 15 U.S.C. 1692(c) §805(a)(3)**

11. On April 24, 2012, the Plaintiff received eight (8) collection telephone calls at her place of employment from a "paralegal" from Defendant, THE LAW OFFICES OF MRD, PLLC.  The "paralegal" from Defendant, THE LAW OFFICES OF MRD, PLLC informed the Plaintiff that the Defendant, THE LAW OFFICES OF MRD, PLLC, was attempting to collect a "Best Buy" account for "HSBC Bank."

12. During the initial telephone conversation on April 24, 2012, the Plaintiff informed the "paralegal" from the Defendant, THE LAW OFFICES OF MRD, PLLC that the Plaintiff was not permitted to receive personal telephone calls while at work.

13. The paralegal/collector from the Defendant, THE LAW OFFICES OF MRD, PLLC, made seven (7) additional collection calls to the Plaintiff at her place of employment on April 24, 2012.  All eight of the said collection calls were made within a one (1) hour period of time.

14. During one of the said collection calls, the paralegal/collector from the Defendant, THE LAW OFFICES OF MRD, PLLC, informed the Plaintiff the collector would contact the Plaintiff's direct supervisor in order to have the "Plaintiff fired."

15. Pursuant to 15 U.S.C. 1692(C) §805(a)(3), prohibits a debt collector from contacting "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."

16. During the initial collection telephone call, the Plaintiff informed the Defendant, THE LAW OFFICES OF MRD, PLLC, that the Plaintiff was not permitted telephone calls at her work place, yet the telephone calls continued.

## COUNT TWO—VIOLATION OF 15 U.S.C. 1692(e) §807

17. The allegations of paragraph 1 through 16 are incorporated herein as if fully set forth.

18. On or about April 25, 2012, the Defendants, MARK R. DANNA and THE LAW OFFICES OF MRD, PLLC, sent the Plaintiff a collection letter (letter attached hereto as Exhibit "A").

19. Defendant, MARK R. DANNA, personally signed the said collection letter dated April 25, 2012.

19. On or about April 30, 2012, the Plaintiff received the Defendant's, MARK R. DANNA's, collection letter.

20. Defendant's, MARK R. DANNA's states "**The Law Offices of MRD, PLLC,** is notifying that you (sic) have a past due balance with the banking institution, **HSBC -BEST BUY."**

21. The said collection letter further states "*To avoid possible legal proceedings, your payment must be made in our office on May 23, 2012.  If a voluntary payment is not secured in our office by May 23, 2012* (sic) *by 6 pm EST* (sic)*, we may consider additional remedies to recover the balance due under applicable state and federal laws.  If litigation is necessary* (sic) *you may be liable for all costs of the court."*

22. Pursuant to  15 U.S.C. 1692(e) §807*,* a debt collector "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

23. Defendants, MARK R. DANNA and THE LAW OFFICES OF MRD, PLLC, made several false statements in his collection letter to the Plaintiff.  Chief amongst these false statements is the fact that Defendant, Mark R. Danna, is not admitted as an attorney in the Commonwealth of Massachusetts.  Further, the Defendant, MARK R. DANNA, Hence, Defendant, Mark R. Danna, is not able to file a lawsuit in Massachusetts.  Further, the Defendant, MARK R. DANNA, falsely stated that the Plaintiff owed "HSBC -BEST BUY**"** when a debt buyer owned the alleged debt.

### COUNT THREE—VIOLATION OF 15 U.S.C. 1692(f) §808

24. The allegations of paragraph 1 through 22 are incorporated herein as if fully set forth.

25. Defendants, Mark R. Danna and THE LAW OFFICES OF MRD, PLLC, are not licensed a debt collector by the Massachusetts Division of Banks and are not admitted to practice law in the Commonwealth of Massachusetts.

26. Defendants, Mark R. Danna and THE LAW OFFICES OF MRD, PLLC, had no legal right to attempt to collect the alleged debt from the Plaintiff.

27. Pursuant to 15 U.S.C. 1692(f) §808, "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

28. The Defendants', Mark R. Danna's and THE LAW OFFICES OF MRD, PLLC's, attempt to collect an alleged debt in Massachusetts is an unfair or unconscionable means to collect or attempt to collect any debt.

### COUNT FOUR—VIOLATION OF M.G.L. CH. 93 §24-28

29. The allegations of paragraph 1 through 28 are incorporated herein as if fully set forth.

30. The Defendants, Mark R. Danna's and THE LAW OFFICES OF MRD, PLLC's, attempt to collect in the debt from the Plaintiff was a violation of Massachusetts General Laws Chapter 93 §24-28, since the Defendants were not licensed by the Massachusetts Division of Banks as a debt collector and are not admitted as an attorney to practice law in Massachusetts.

31. Pursuant to M.G.L. ch. 93 §28, states that "failure to comply with any provision of this section or of section twenty-four to twenty-seven, inclusive, or any regulation promulgated in accordance with the provisions of section twenty-four shall constitute an unfair or deceptive act or practice under the provisions of paragraph (*a*) of section two of chapter ninety-three A."

### COUNT FIVE—VIOLATION OF 209 C.M.R. 18.14(d)

32. The allegations of paragraph 1 through 31 are incorporated herein as if fully set forth.

33. On April 24, 2012, the Defendants, Mark R. Danna and THE LAW OFFICES OF MRD, PLLC contacted the Plaintiff eight (8) times at her place of employment.

34. Pursuant to 209 Code of Massachusetts Regulations 18.14(d), the Defendants were only permitted to contact the Defendant two (2) times in a seven (7) day period.

## COUNT SIX—VIOLATION OF M.G.L. CH. 93A §9

35.    The allegations of paragraph 1 through 34 are incorporated herein as if fully set forth.

36.  The Defendants, Mark R. Danna and THE LAW OFFICES OF MRD,  PLLC, engaged in unfair and deceptive business practices against the Defendant by attempting to collect an alleged debt without a debt collector licenses in Massachusetts.

37.  On or about June 19, 2012, the Plaintiff, through her counsel,  sent a demand letter pursuant to Massachusetts General Laws Chapter 93A §9 to the Defendants, MARK R. DANNA and THE LAW OFFICES OF MRD,  PLLC and DANNA and DANNA.

38.  On or about June 26, 2012, the said demand letter was received by the Defendants, MARK R. DANNA and THE LAW OFFICES OF MRD,  PLLC and DANNA and DANNA.

## COUNT SEVEN—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39.    The allegations of paragraph 1 through 38 are incorporated herein as if fully set forth

40.  The Defendants, MARK R. DANNA and THE LAW OFFICES OF MRD,  PLLC, communications were extreme and outrageous.

41.  On or about April 24, 2012, the Plaintiff suffered emotional distress by the Defendants, MARK R. DANNA and THE LAW OFFICES OF MRD,  PLLC eight (8) collection telephone calls to the Plaintiff's place of employment.

42.  On or about April 24, 2012, the Plaintiff suffered emotional distress by the Defendants', MARK R. DANNA's and THE LAW OFFICES OF MRD,  PLLC's, collector stating that he wanted to talk with the Plaintiff's supervisor in order to have "her fired."

43.  On or about April 30, 2012, the Plaintiff suffered emotional distress by receiving from the Defendants', MARK R. DANNA's and THE LAW OFFICES OF MRD,  PLLC's.

## COUNT EIGHT—DEFENDANT DANNA & DANNA

44**.**    The allegations of paragraph 1 through 43 are incorporated herein as if fully set forth.

45.  The Defendant, MARK R. DANNA, during all relevant times, was an attorney working at DANNA & DANNA.

46.  The Defendant, MARK R. DANNA, during all relevant times, held himself out to the public as an attorney from the law firm of DANNA & DANNA.

47, The Defendant, MARK R. DANNA, attempted to collect the alleged debt from the Plaintiff on behalf of the Defendant, DANNA & DANNA, and the Defendant, THE LAW OFFICES OF MRD, PLLC.


Wherefore, the Plaintiff prays for judgment awarding her actual and statutory damages, triplea damages under M.G.L. ch. 93A §9, interest, costs, and reasonable attorney's fees.


Plaintiff demands trial by jury.


Date: April 22, 2013                                  Respectfully submitted,
                                                      RACHELLE N. VILLARSON,
                                                      By her attorney,

                                                      /s/ Robert M. Josephs
                          Signed:

                                                      Robert M. Josephs, Esq.
                                                      BBO#628655
                                                      705 Centre Street, Suite 3
                                                      Jamaica Plain, MA 02130
                                                      (617) 522-3200
                                                      Email:robertjosephs2003@yahoo.com